16-MJ-00

# AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Special Agent Scott Woodrow, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of a criminal complaint to arrest **Peter NTA.**

2. I am an "investigative or law enforcement officer" within the meaning of Section 2510 (7) of Title 18 and Title 21, United States Code; that is, an officer of the United States who is authorized by law to conduct investigations of, and to make arrests for, offenses enumerated in Section 2516 of Title 18 United States Code. I am a Special Agent (SA) with U.S. Immigration and Customs Enforcement, Homeland Security Investigations (HSI), and have been so employed as a criminal investigator since 2007. I am a graduate of the Criminal Investigator Training Program and the Immigration and Customs Enforcement Special Agent Training Program at the Federal Law Enforcement Training Center. As part of my duties, I investigate criminal violations of the federal immigration laws, including but not limited to Title 8, United States Code, Sections 1324, 1325, and 1326, and Title 18, United States Code, Sections 1028 and 1546. I have initiated and participated in criminal investigations involving the manufacturing and distribution of fraudulent immigration documents, driver's licenses, and other identification documents. I have also participated in criminal investigations involving undercover transactions, the execution of search warrants, the review of consensually-recorded conversations, and various types of physical and electronic surveillance, including the search and seizures of computers, related peripherals, and computer media equipment used to produce documents.

1

3. I have received specialized training in the enforcement of laws concerning the production and distribution of fraudulent identification documents. I am familiar with the information contained in this affidavit based upon the investigation I have conducted and based on my conversations with other law enforcement officers, both within HSI and other law enforcement agencies.

4. This affidavit is intended to show only that there is sufficient probable cause for the requested arrest warrants and does not set forth all of my knowledge about this matter.

## STATUTORY AUTHORITY

5. This investigation concerns alleged violations of Title 18, United States Code, Section 1546(a) (Fraud and Misuse of Visas, Permits and Other Documents)[1].

---

1   Title 18, United States Code, Section 1546(a) provides:
Whoever knowingly forges, counterfeits, alters, or falsely makes any immigrant or nonimmigrant visa, permit, border crossing card, alien registration receipt card, or other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, or utters, uses, attempts to use, possesses, obtains, accepts, or receives any such visa, permit, border crossing card, alien registration receipt card, or other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, knowing it to be forged, counterfeited, altered, or falsely made, or to have been procured by means of any false claim or statement, or to have been otherwise procured by fraud or unlawfully obtained; or

Whoever, except under direction of the Attorney General or the Commissioner of the Immigration and Naturalization Service, or other proper officer, knowingly possesses any blank permit, or engraves, sells, brings into the United States, or has in his control or possession any plate in the likeness of a plate designed for the printing of permits, or makes any print, photograph, or impression in the likeness of any immigrant or nonimmigrant visa, permit or other document required for entry into the United States, or has in his possession a distinctive paper which has been adopted by the Attorney General or the Commissioner of the Immigration and Naturalization Service for the printing of such visas, permits, or documents; or

Whoever, when applying for an immigrant or nonimmigrant visa, permit, or other document required for entry into the United States, or for admission to the United States personates another, or falsely appears in the name of a deceased individual, or evades or attempts to evade the immigration laws by appearing under an assumed or fictitious name without disclosing his true identity, or sells or otherwise disposes of, or offers to sell or otherwise dispose of, or utters, such visa, permit, or other document, to any person not authorized by law to receive such document; or

Whoever knowingly makes under oath, or as permitted under penalty of perjury under section 1746 of Title 28, United States Code, knowingly subscribes as true, any false statement with respect to a material fact in any application, affidavit, or other document required by the immigration laws or regulations prescribed thereunder, or knowingly presents any such application, affidavit, or other document which contains any such false statement or which fails to contain any reasonable basis in law or fact--

2

## THE INVESTIGATION

6. Your Affiant received information from The University Louisiana at Lafayette Police Department that they encountered PETER NTA on May 22, 2016 at his residence of 200 E. Lewis Street, Apartment 136E, Lafayette, Louisiana, after a complainant advised the police department that an odor of marijuana was coming from the door of Apartment 136E. UL PD Officers knocked on the door and NTA opened the door, allowing officers to enter. A metal grinder was located on the kitchen table and small pieces of green leafy substances scattered on a tablecloth. NTA was placed in handcuffs and read his Miranda Rights. NTA stated he understood his rights and agreed to answer questions. NTA admitted to smoking marijuana inside his apartment. UL PD Sgt. Efferson asked NTA for permission to search his apartment and NTA agreed.

7. Sgt. Efferson asked NTA if he was a United States Citizen and NTA stated no. Two passports were located on the kitchen table from two different countries. NTA stated the Nigerian passport was his, but not the Liberian passport. The Nigerian passport had NTA's name, NTA's picture, and one stamp in it. The Liberian passport had a photograph which appeared to be NTA, the name Solomon DUFRESNE, and several stamps. Also included within the Liberian passport was what appeared to be a Visa to enter the United States. When subject to further questioning, NTA stated that he found the Liberian passport on his floor "Friday." NTA stated the Liberian passport was fake and the dates stamped in it were fake as well.

---

Shall be fined under this title or imprisoned not more than 25 years (if the offense was committed to facilitate an act of international terrorism (as defined in section 2331 of this title)), 20 years (if the offense was committed to facilitate a drug trafficking crime (as defined in section 929(a) of this title)), 10 years (in the case of the first or second offense, if the offense was not committed to facilitate such an act of international terrorism or a drug trafficking crime), or 15 years (in the case of any other offense), or both.

8. A permission to search form was explained to NTA and NTA signed the form agreeing to allow a search of his apartment. The officer then continued his search and discovered a Liberian identity card in the closet. The information on the card matched the passport NTA had previously stated was fake.

9. NTA was then transported to the UL PD and interviewed by Detective Darren Zachary. Detective Zachary advised NTA of his Miranda Rights and NTA waived his rights by signing the standard waiver form. NTA eventually explained to Detective Zachary that in 2013 his passport had expired. NTA needed another passport so NTA contacted a friend, Dennis ANEKWE, in Nigeria to provide fraudulent documents. NTA sent ANEKWE photos of himself via United States Mail and ANEKWE traveled to the United States to bring NTA the fraudulent documents in or around August of 2015. NTA stated he needed the documents to purchase beer and that his passport had expired.

10. Your Affiant searched HSI databases which revealed NTA was issued an F-1 Student Visa on June 21, 2011 with an expiration date of June 19, 2013, to attend University of Louisiana at Lafayette. On October 11, 2013, NTA was granted Lawful Permanent Residence status with an expiration date of April 05, 2026.

11. The Visa in the name of Solomon DUFRESNE returned a negative search revealing no one has been issued a Visa in that name with the date of birth of January 01, 1988 as shown on the Visa. Databases revealed passport number L072487 on the fraudulent Visa belongs to another person with the initials G. A.

12. HSI databases revealed Dennis ANEKWE arrived in the United States on August 25, 2015 and departed the United States on September 13, 2015.

4

## CONCLUSION

13. YOUR AFFIANT believes based on the above information there is probable cause to believe the defendant, **Peter NTA**, violated Title 18, United States Code, Section 1546 (a) (Fraud and Misuse of Visas, Permits and Other Documents).

						_____
						SCOTT WOODROW
						Special Agent
						Homeland Security Investigations

Subscribed and sworn to before me this 24th day of May, 2016 at Lafayette, Louisiana.

						_____
						CAROL B. WHITEHURST
						United States Magistrate Judge
						Western District of Louisiana