UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 6:16-CR-00138 |
| -vs- | JUDGE DRELL |
| PETER NTA | MAGISTRATE JUDGE WHITEHURST |

### RULING AND ORDER

Before the Court is a "Petition for Equitable Expungement Pursuant to the Federal Court's Inherent Powers from the Constitution of the United States of America and the All Writs Act Pursuant to 28 U.S.C. 1651(a)" ("Petition") filed *pro se* by defendant Peter Nta ("Nta"). (Doc. 58). The Government has filed its opposition (Doc. 62) and the period for Nta to file his reply has passed. The matter is ripe for consideration. For the reasons set forth below, the "Petition" is **DENIED**.

### I.  BACKGROUND

Nta is a Nigerian national who attended the University of Louisiana-Lafayette on an F-1 non-immigrant visa issued in 2011. (Doc. 50). He became a lawful permanent resident on October 11, 2013. (Id.). He was deported for possession of a fake passport and now wants his criminal record expunged and his immigration status restored. (Doc. 58).

On May 22, 2016, police responded to a complaint regarding the smell of marijuana emanating from Nta's apartment. (Doc. 48-2). Nta welcomed the officers into his apartment. (Id.). The officers observed marijuana and a marijuana grinder in plain view. (Id.). Officers then asked Nta to sign a consent-to-search form for his apartment and Nta obliged. (Id.). While searching Nta's apartment, they discovered two passports bearing Nta's image – a Nigerian passport in Nta's

name and bearing a single stamp and a Liberian passport in a different name and bearing several stamps. (Doc. 1-1). Nta explained to the officers that the Liberian passport was a forgery that he had a friend personally deliver from Nigeria so that he could purchase beer. (Doc. 48-2).

Nta was arrested and subsequently pleaded guilty to violating 18 U.S.C. § 1546(a) – fraud and misuse of visas, permits, and other entry documents. (Doc. 56). On June 28, 2017, Nta was provided notice of intent to request judicial removal from the United States Attorney's office. (Doc. 49). The Department of Homeland Security on behalf of Immigration and Customs Enforcement concurred in the request for judicial removal. (Doc. 51). Nta expressly waived certain notice requirements, admitted that he was removable, and agreed to the entry of a stipulated judicial order of removal. (Doc. 52).

Nta was sentenced to one (1) day imprisonment and one year of supervised release. (Doc. 56). The Court also issued an Order of Judicial Removal pursuant to 8 U.S.C.S. §§ 1227(a)(3)(B)(iii) and 1228(c).[1] (Doc. 53).

Nta did not appeal either order or file for any other relief until the present "Petition." Nta's present request for relief is predicated on his assertion that the possession and use of fraudulent immigration documents is a "petty offense" from which all actions taken against him by the police, prosecutor, and the Court are therefore invalid. Per Nta, this grave injustice can only be remedied by invoking the All Writs Act to expunge all records of his arrest, guilty plea, sentencing, and deportation and restoring his immigration status so that he can "fulfill [his] sacred duty" to propagate his father's law treatise.[2]

II. **LEGAL STANDARD**

---

[1] A drafting error in 8 U.S.C. § 1228 includes two subsections (c), one relating to a presumption of deportability and another relating to judicial removal.
[2] The details of Petitioner's sacred duty to market his father's textbook is unclear as he omitted page 16 of his "Petition" which ostensibly outlined these specifics.

A. <u>**Equitable Expungement and the All Writs Act**</u>

Congress enacted the All Writs Act to provide a "residual source of authority to issue writs that are not otherwise covered by statute." <u>Pennsylvania Bureau of Correction v. U.S. Marshals Serv.</u>, 474 U.S. 34, 43, 106 S. Ct. 355, 361, 88 L. Ed. 2d 189 (1985). It does not empower courts "to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate." <u>Id.</u>

Congress has not expressly granted to the federal courts a general power to expunge criminal records. See <u>United States v. Crowell</u>, 374 F. 3d 790, 793 (9th Cir. 2004); <u>United States v. Cavett</u>, No. 3:08CR28-LRA, 2015 U.S. Dist. LEXIS 125845, at *2 (S.D. Miss. Sep. 21, 2015). The Fifth Circuit has only recognized two contexts in which federal courts have jurisdiction to expunge a defendant's record: "(1) where the defendant has a specific statutory right to expungement, and (2) where the record retention constitutes an affirmative violation of his constitutional rights." <u>United States v. Corkern</u>, No. 24-60189, 2024 WL 5199332, at *2 (5th Cir. Dec. 23, 2024) (quoting <u>United States v. Wahi</u>, 850 F.3d 296, 302 (7th Cir. 2017)). To show an affirmative violation of his constitutional rights, the defendant "must assert a specific rights violation…by the executive actors holding the records of the *overturned* conviction." <u>Id.</u> (emphasis in original) (quoting <u>Sealed Appellant v. Sealed Appellee</u>, 130 F.3d 695, 699 (5th Cir. 1997)). Courts within the Fifth Circuit lack jurisdiction to expunge the judicial record in a criminal case on purely equitable grounds. <u>Id.</u> at n. 2. "Because a motion to expunge is 'not incidental to anything properly before the court' or 'to the court's ability to function successfully,' jurisdiction over the motion 'must instead have a source in the Constitution or statutes.'" <u>Id.</u>, n. 2 (quoting <u>Sealed Appellant</u>, 130 F.3d at 698). Even in exceptional circumstances, there is a strong presumption against granting expungement. See <u>United States v. Corkern</u>, 729 F. Supp. 3d 609, 611 (N.D. Miss.

2024), aff'd, No. 24-60189, 2024 WL 5199332 (5th Cir. Dec. 23, 2024) ("The district court may order expungement of criminal records in exceptional circumstances, however, there is a strong presumption against doing so, and the circumstances in which it is appropriate are increasingly narrow"); United States v. Mathieu, 2023 WL 4947992 (E.D. La. Aug. 3, 2023) (citing United States v. Fields, No. C.R.A. 83-419, 2013 WL 1403214 (E.D. La. April 5, 2013)); United States v. Jones, 2022 WL 1078025 (M.D. La. April 11, 2022) (citing Sealed Appellant, 130 F.3d at 699).

### B. Deportation of Persons Possessing Fraudulent Immigration Documents

Any person who knowingly possesses an immigration document that they know to be falsified violates 18 U.S.C. § 1546(a). A person who violates or attempts to violate 18 U.S.C. § 1546 is deportable. 8 U.S.C. § 1227(a)(3)(B)(iii). A deportable person may be ordered removed from the United States at the time of sentencing if such an order has been requested by the United States Attorney with the concurrence of the Commissioner of Immigration. 8 U.S.C. § 1228(c). The Court's authority to order a deportable person removed is not limited exclusively to persons having committed an aggravated felony. See Id. Rather, an alien who is convicted of an aggravated felony is conclusively presumed to be deportable. Id.

### C. Consideration of Pro Se Motions

Courts liberally construe the pleadings of *pro se* litigants and apply less stringent standards to the briefings of *pro se* parties than to those represented by counsel. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995). As a result, the Court will consider authorities not cited, but potentially pertinent to Nta's claims. See United States v. Reece, 938 F.3d 630, 633 n.2 (5th Cir. 2019) (noting that the court would consider recent Supreme Court developments not briefed). Nonetheless, *pro se* parties must still brief the issues. Grant, 59 F.3d at 524. Mere conclusory allegations are insufficient to raise a constitutional issue and *pro se* litigants are not absolved of the need to

advance their own legal and factual analysis. See United States v. Woods, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (per curiam); see also Oliver v. Bankfirst, 552 F. App'x 357, 357 (5th Cir. 2014) (per curiam).

### III. ANALYSIS

Nta possessed a fraudulent Liberian passport and pleaded guilty to the possession of a fraudulent immigration document in violation of 18 U.S.C. 1546(a). This made him a deportable person. See 8 U.S.C. § 12271227(a)(3)(B)(iii). The Court is expressly authorized to order the removal of deportable persons on the request of the United States Attorney with the concurrence of the Commissioner of Immigration. 8 U.S.C. § 1228(c). The United States Attorney, with the concurrence of the Commissioner of Immigration requested the Court order the removal of Nta, a deportable person.

Contrary to Nta's assertions, possession of fraudulent immigration documents is not a petty offense.[3] A first or second offense of possession of fraudulent immigration documents is a Class D felony for which he could have been sentenced up to ten years.[4] 18 U.S.C. § 1546(a). His extremely brief period of incarceration prior to deportation and the subsequent consequences from it do not constitute some grave denial of Constitutional rights granting the Court jurisdiction to expunge his criminal records and restore his immigration status. Even were the Court to have jurisdiction to issue the extraordinary writs Nta seeks, the Court would not as he was properly convicted in accordance with the law.

---

[3] "Petty offenses" are defined as Class B misdemeanors, Class C misdemeanors, or infractions for which the maximum fine is no greater than $5,000. 18 U.S.C. § 19; see also 18 U.S.C. § 3571(b)(6) and (7). Class B misdemeanors, Class C misdemeanors, and infractions each have a maximum sentence of six months or less.

[4] A first or second violation of 18 U.S.C. § 1546(a) carries a maximum sentence of ten (10) years incarceration. 18 U.S.C. § 1546(a). It is not specifically classified by a letter grade in the section defining it and is therefore classified by the general sentencing classifications provided by 18 U.S.C. § 3559(a). It is a Class D felony offense. 18 U.S.C. § 3559(a)(4).

## IV.  CONCLUSION

For the reasons stated above, the Court finds that Defendant Peter Nta's Petition for Equitable Expungement is **DENIED**.

**THUS DONE AND SIGNED** at Alexandria, Louisiana this __10th__ day of February 2025.

_____
DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT